IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN CHAMPALE MILES, #270706, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:14-cv-665-MHT |
| ) | |
| BENJAMIN FREEMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Jonathan Champale Miles ("Miles"), a state inmate, on July 9, 2014. In this complaint, Miles challenges the constitutionality of a conviction imposed upon him in April of 2014 by the Circuit Court of Houston County, Alabama. *Compl. - Doc. No. 1* at 2-3. Specifically, Miles alleges that his "conviction [was] obtained by [a] plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea." *Id*. at 2. In support of this claim, Miles asserts that the trial judge, Brady E. Mendheim, Jr., denied him a mental evaluation prior to entry of the guilty plea. *Id*. at 3. Miles also complains that his trial counsel, Benjamin Freeman, "failed to investigate my claim of being mentally incompetent [and] neglected to have me evaluated forcing me to make a decision that [I was not mentally competent to] make, denying me a fair court proceeding." *Id*. Miles seeks relief from his conviction and sentence and an award of

monetary damages from the defendants. *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## II. DISCUSSION

### A. The State of Alabama

Miles lists the State of Alabama as a defendant in this case. The law is well-settled that the State of Alabama is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment, and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged against the State of Alabama are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, the claims presented by Miles against the State of Alabama are subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Defense Counsel

Miles names Benjamin Freeman, his defense counsel, as a defendant in this cause of

---

[1] The court entered an order granting Miles leave to proceed *in forma pauperis* in this cause of action. *Order of July 11, 2014 - Doc. No. 3*. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

action. A review of the complaint demonstrates that Miles seeks to challenge the adequacy of the representation provided to him by Freeman during the state criminal proceedings which resulted in his recent conviction and current incarceration.

An essential element of a 42 U.S.C. § 1983 action requires that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state claim for relief which is viable under § 1983, a plaintiff must assert "**both** an alleged constitutional deprivation . . . **and** that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Am. Mfrs.*, 526 U.S. at 50 (emphasis in original). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *see also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). The claims asserted by Miles against Benjamin Freeman therefore lack an arguable basis in law and are due to be summarily dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

### C.  Judge Brady E. Mendheim, Jr. - Request for Monetary Damages

Miles asserts that Judge Mendheim violated his constitutional rights during the criminal proceedings which resulted in his entry of a guilty plea on April 11, 2014. *Compl.* -

*Doc. No. 1* at 3. Miles maintains that Judge Mendheim failed to order a mental evaluation and improperly accepted his guilty plea to a criminal offense when he was not competent to enter such a plea. *Id*.

All of the allegations made by Miles against Judge Mendheim emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U.S. 219, 227-29 (1988); *Paisey v. Vitale in and for Broward Cnty.*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Miles' claims for monetary damages against Judge Mendheim are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke*, 490 U.S. at 327 (1989).

### D. Claims Seeking Relief from Plaintiff's Conviction

The claims presented by Miles in the instant complaint challenge the constitutionality of the conviction entered against him in April of 2014 by the Circuit Court of Houston County, Alabama. Miles is currently incarcerated pursuant to the sentence imposed upon him for this conviction. Under well settled law, the claims raised by Miles regarding the validity of his conviction presently provide no basis for relief in this cause of action. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-89. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646-48. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646-48).

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Ind. Dep't of*

*Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). In *Balisok*, the Supreme Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.[3]

It is clear that Miles' conviction which forms the basis for his present incarceration has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Miles' use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on his conviction. 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available . . . remedies has no cause of action under § 1983 unless and until the conviction . . . is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, those claims seeking relief from the conviction and sentence imposed upon Miles in April of 2014 by the Circuit Court of Houston County, Alabama are prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C.

---

[3] The plaintiff is advised that he must first exhaust any available state court remedies prior to seeking habeas relief from this court. Specifically, Miles may proceed on his substantive claim of mental incompetency in a Rule 32 petition filed with the Circuit Court of Houston County, Alabama as the law is well settled that this claim is not precluded from review by the procedural or time limitation bars either in state or federal court. *Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir. 1995), *cert. denied*, 517 U.S. 1247 (1996) (Although petitioner did not raise on direct appeal or in his initial Rule 32 petition a substantive competency claim that he was convicted while incompetent, "this substantive claim . . . is not subject to procedural default and must be considered on the merits."); *Glass v. State*, 912 So. 2d 285, 288 (Ala. Cr. App. 2004) ("To the extent [the petitioner] raises a substantive due-process claim - that he was [mentally incompetent at the time of the offense or] convicted while mentally incompetent to stand trial - the petition is not subject to procedural bars.").

§ 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the State of Alabama, Benjamin Freeman and Brady E. Mendheim, Jr. be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2. To the extent the plaintiff presents claims challenging the constitutionality of his conviction by the Circuit Court of Houston County, Alabama and his incarceration resulting from this conviction, these claims be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in the instant civil action.

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 29, 2014**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of July, 2014.

>/s/ Wallace Capel, Jr.
> WALLACE CAPEL, JR.
> UNITED STATES MAGISTRATE JUDGE